UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTURO RIVERA,<br><br>      Petitioner,<br><br>v.<br><br>STATE OF NEVADA,<br><br>      Respondent. | Case No. 2:24-cv-01072-RFB-BNW<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Arturo Rivera, an individual incarcerated at Nevada's High Desert State Prison. On June 7, 2024, the Court, Mr. Rivera filed a pro se Petition for Writ of Habeas Corpus and a Motion for Appointment of Counsel. ECF Nos. 1-1, 1-3. On July 8, 2024, Mr. Rivera filed an Application to Proceed in Forma Pauperis. ECF No. 3.

The material filed with Mr. Rivera's Application to Proceed in Forma Pauperis shows that he is able to pay the $5 filing fee for this action. Therefore, the application is denied. The Court, however, suspends the matter of payment of the filing fee. The Court will set a deadline for Rivera to pay the filing fee or file a new in forma pauperis application after counsel appears on his behalf.

Prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196. Mr. Rivera's filings indicate that this action may be complex and that he will not be able to litigate this action pro se. The Court finds that

appointment of counsel is in the interest of justice. The Court grants Rivera's Motion for Appointment of Counsel. ECF No. 1-3.

The Court has examined Mr. Rivera's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it merits service upon the Respondents. The Court orders the petition served upon the Respondents, and directs the Respondents to appear. However, the Respondents are not required to take any further action on their part at this time.

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed in Forma (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1), and the Motion for Appointment of Counsel (ECF No. 1-3).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 1-3) is **GRANTED**. The Federal Public Defender for the District of Nevada ("FPD") is appointed to represent the Petitioner. If the FPD is unable to represent the Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent the Petitioner in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**IT IS FURTHER ORDERED** that the respondents have 30 days from the date of this order to appear in this action. Respondents are not required to respond to the habeas petition at this time.

**DATED:** July 8, 2024

---
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE