UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTURO RIVERA,<br><br>  Petitioner,<br><br>  v.<br><br>TERRY ROYAL, *et al.*,<br><br>  Respondents. | Case No. 2:24-cv-01072-RFB-BNW<br><br>**ORDER** |

In this habeas corpus action, the petitioner, Arturo Rivera, represented by appointed counsel, filed a second amended habeas petition on February 24, 2025. Respondents were to file a response to Rivera's second amended petition by April 25, 2025. On April 24, 2025, Respondents filed a motion for extension of time, requesting a 45-day extension, to June 9, 2025. Respondents then filed a motion to dismiss on June 4, 2025. Respondents' counsel states that this extension of time was necessary because of their obligations in other cases. Respondents' counsel represents that Rivera did not oppose the motion for extension of time. The Court finds that the motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the requested extension of time. The Court will grant Respondents' motion for extension of time and will treat the motion to dismiss as timely filed.

On June 3, 2025, Respondents filed a motion requesting leave of court to file an exhibit—their Exhibit 48, which is a presentence investigation report—under seal. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access to them, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. Kamakana, 447 F.3d at 1179 (citing Nixon,

1

435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. See NRS 176.156(5). The presentence investigation report filed by Respondents contains information that could be used for improper purposes. In view of the state law and considering the nature of the information in the presentence investigation report, the Court finds that there are compelling reasons for the exhibit in question to be filed under seal. The Court will grant Respondents' motion.

**IT IS THEREFORE ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 23) is **GRANTED**. Respondents' Motion to Dismiss (ECF No. 30) will be treated as timely filed. In all other respects, the schedule for further proceedings set forth in the order entered October 25, 2024 (ECF No. 14) remains in effect.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 27) is **GRANTED**. Respondents are granted leave of court to file their Exhibit 48 under seal. As that exhibit has already been filed under seal (ECF No. 28-1), no further action is necessary in this regard.

**DATED**: June 8, 2024

_____
**RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE**

2