# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

ARTURO RIVERA,

         Petitioner,

    v.

DEBORA BORGAS, *et al*.,

         Respondents.

Case No. 2:24-cv-01072-RFB-BNW

**ORDER**

    In this habeas corpus action, the respondents filed a motion to dismiss on June 4, 2025. ECF No. 30. Petitioner Arturo Rivera, represented by appointed counsel, filed an opposition to the motion to dismiss on November 17. ECF No. 37. Rivera also filed a motion for discovery on that date. ECF No. 41. Respondents are due to file a reply in support of the motion to dismiss and a response to the motion for discovery by December 17. See ECF No. 14. On November 25, Respondents filed a motion for extension of time, requesting a 44-day extension, to January 30, 2026. ECF No. 43.

    Respondents' counsel states that the extension is necessary because of their obligations in other cases, and counsel represents that Rivera does not oppose the extension. The Court finds that the motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the requested extension of time. The Court will grant the extension as requested. Respondents will have until January 30, 2026 for their filings; Rivera will then have 20 days to file a reply in support of the motion for discovery. See ECF No. 14. In light of the relatively straight-forward nature of the motion to dismiss, and the time the briefing of these motions has taken, the Court will not look favorably upon any motion to further extend these deadlines.

    On November 17, 2025, Rivera also filed a Motion to File Exhibits Under Seal. ECF No. 39. Rivera requests leave of court to file under seal two exhibits, both of which contain criminal

records of certain individuals. Id. Respondents did not file a response to that motion. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access to them, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. Kamakana, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598). The exhibits in question contain information that could be used for improper purposes. The Court finds that there are compelling reasons for these exhibits to be filed under seal. The Court therefore grants Petitioner Rivera's motion.

**IT IS THEREFORE ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 43) is **GRANTED**. Respondents will have until and including **January 30, 2026**, to file a reply to Petitioner's response to the motion to dismiss and a response to Petitioner's motion for discovery. In all other respects, the schedule for further proceedings set forth in the order entered October 25, 2024 (ECF No. 14) remains in effect (Petitioner will have 20 days to file a reply in support of the motion for discovery).

**IT IS FURTHER ORDERED** that Petitioner's Motion to File Exhibits Under Seal (ECF No. 39) is **GRANTED**. Petitioner is granted leave of court to file his Exhibits 14 and 15 under seal. As those exhibits have already been filed under seal (ECF No. 40), no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Debora Borgas is substituted for Terry Royal as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

**DATED**: December 16, 2025.

_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**