**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ARTURO RIVERA, | Case No. 2:24-cv-01072-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| DEBORA BORGAS, *et al.*, | |
| Respondents. | |

In this habeas corpus action, the respondents move to dismiss some of the claims in Arturo Rivera's second amended petition for writ of habeas corpus (ECF No. 18), arguing that those claims are unexhausted or procedurally defaulted in state court, not cognizable in this action, and/or conclusory. ECF No. 30. The Court will deny the motion to dismiss without prejudice to Respondents asserting the same arguments in their answer. The Court will deny Rivera's related motion for leave to conduct discovery (ECF No. 41), without prejudice to him filing a motion for leave to conduct discovery in conjunction with his reply to Respondents' answer. The Court will set a due date for Respondents' answer.

**I.    Background**

In its order affirming Rivera's conviction, the Nevada Supreme Court described the events giving rise to this case:

> [Victim] FZ testified that Rivera drove up to her in a silver sedan at midday as she walked down the sidewalk, threatened her with a gun, told her to get into his car if she wanted to live, drove her to a green vacant house, parked the car against a wall so as to prevent her from opening the passenger-side door, had sexual intercourse with her against her will without using a condom, and kept the gun pointed at her throughout the course of the incident. FZ testified that the passenger-side seat was already reclined when she entered the car. After Rivera dropped her off, FZ testified that she walked to a police officer to report that she'd been raped, and the officer testified that she was extremely upset when she approached him. In her initial police

1

report, FZ correctly recalled five of the six characters in Rivera's license plate. DNA evidence from FZ's sexual assault exam matched Rivera, and he conceded having had sexual intercourse with her. FZ identified Rivera as her assailant at trial and by police photo line-up.

[Victim] RD testified that Rivera pulled up to her in a gray sedan as she was walking on the sidewalk in the late morning, offered her a ride, drove her to the same green vacant house, began to position the car to block the passenger-side door, became irate when RD questioned him, threatened RD by saying that he had a gun and would kill her when she asked Rivera why he was positioning the car to block her and when she then began to escape through the passenger-side front window, and grabbed her foot with one hand while reaching by the side of the seat with the other as RD escaped through the open window onto the roof of the car. RD testified that the car's antenna broke off when she fell off the car's roof as Rivera sped away. When Rivera was pulled over following a car chase with RD in a separate incident, the car lacked an antenna.

Rivera's ex-girlfriend testified that the car had an antenna when she bought it and that Rivera had use of the car during the day. Both FZ and RD testified that the photographs of that car showed the car in which they were confined against their will and that photographs of the vacant house showed the site to which they were taken.

Rivera's sole defense witness was a fellow inmate whose testimony supported a different theory of the incident with FZ. The inmate asserted that she had been dropped off at a location different from that recorded by the patrol officer to whom FZ made her initial report and that FZ and Rivera argued regarding smoking methamphetamine, though FZ's toxicology screen as part of her sexual assault exam revealed only the presence of cocaine. The inmate reported his account of the incident nearly nine months after the incident occurred. He also testified that he was housed in the same prison unit as Rivera and that he had known Rivera for several months prior to this incident.

ECF No. 25-32 at 2–4.

On October 1, 2013, in Nevada's Eighth Judicial District Court (Clark County), a jury found Rivera guilty of first-degree kidnapping with use of a deadly weapon, sexual assault with use of a deadly weapon, assault with a deadly weapon, and first-degree kidnapping. ECF No. 24-46. Rivera was sentenced to an aggregate sentence of life in prison with the possibility of parole after 34 years and 4 months. ECF No. 25-2. The judgment of conviction was filed on January 28, 2014. *Id*. Rivera appealed, and the Nevada Supreme Court affirmed the judgment of conviction on January 14, 2015. ECF No. 25-32.

On October 14, 2015, Rivera filed a *pro se* post-conviction petition for writ of habeas corpus in the state district court. ECF No. 11-4. The court appointed counsel for Rivera, and, with counsel, Rivera filed a supplemental petition. ECF No. 11-5. The court held an evidentiary hearing. ECF No. 11-7 (transcript). On December 20, 2022, in a written order, the court denied Rivera's

petition. ECF No. 11-8. Rivera appealed. See ECF No. 11-9 (opening brief on appeal). The Nevada Court of Appeals affirmed on March 13, 2024. ECF No. 11-11.

Rivera then initiated this federal habeas action on June 7, 2024, by submitting a *pro se* petition for writ of habeas corpus for filing. ECF No. 1. The Court appointed counsel for Rivera (ECF No. 4), and, with counsel, Rivera filed a first amended petition on October 7, 2024 (ECF No. 10), and a second amended petition on February 24, 2025 (ECF No. 18).

In Rivera's second amended petition—his operative petition—he asserts the following claims of violations of his federal constitutional rights:

I.      "Trial Court error in failing to sever offenses"

II.     "Ineffective assistance of trial counsel"

    A.      "Trial counsel failed to object to multiple instances of prosecutorial misconduct."

        1.      "The prosecutor misrepresented that Rivera had attempted to sexually assault or batter [RD]."

        2.      "The prosecutor disparaged the defense."

        3.      "The prosecutor improperly vouched for FZ's credibility."

        4.      "The prosecutor improperly appealed to the jurors' sympathies and asked them to put themselves in FZ's shoes."

        5.      "The prosecutor improperly argued that, per Instruction No. 22, the jury could disregard Rivera's entire statement to police."

        6.      The cumulative effect of trial counsel's errors in not objecting to prosecutorial misconduct warrants relief.

    B.      "Trial counsel failed to investigate the allegations against Rivera."

    C.      "Trial counsel failed to properly advise Rivera regarding the State's plea offer."

    D.      "Trial counsel failed to investigate and present evidence of the victims' prior arrests for prostitution, which directly undermined the credibility of their accusations."

    E.      "Trial counsel failed to object to speculative and unfairly prejudicial testimony that Rivera intended to rape and/or kill victim [RD]."

3

> F.    "Trial counsel failed to move to dismiss Count One alleging he
> kidnapped FZ."

ECF No. 18.

On June 4, 2025, the respondents filed the motion to dismiss that is before the Court, arguing that Grounds IID, IIE, and IIF are unexhausted and/or procedurally defaulted; that Ground IIA6 is not cognizable; and that Ground IIF is conclusory. ECF No. 30. The motion to dismiss is fully briefed. See ECF Nos. 37, 45. On November 17, 2025, Rivera filed a motion for leave to conduct discovery. ECF No. 41. That motion is also fully briefed. See ECF Nos. 46, 47.

## II.    Exhaustion and Procedural Default – Legal Standards

A state prisoner first must exhaust state court remedies before presenting a claim for habeas corpus relief to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied the claim based on an independent and adequate state procedural rule. Edwards v. Carpenter, 529 U.S. 446, 454-55 (2000). When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. Maples v. Thomas, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. Murray v. Carrier, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility

4

of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. Id. at 494; Bradford v. Davis, 923 F.3d 599, 613 (9th Cir. 2019).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. Thus, a federal court need not dismiss an exhausted claim if it is clear that the state court would find the claim procedurally barred. Coleman, 501 U.S. at 731 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."); see also Castille v. Peoples, 489 U.S. 346, 351–52 (1989); Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014); Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002).

With one exception, Nevada's standards for determining whether there is cause and prejudice, such that a petitioner can overcome a state procedural bar, are functionally identical to the federal standards for cause and prejudice. See Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); Mitchell v. State, 122 Nev. 1269, 1273–74, 149 P.3d 33, 35–36 (2006). The exception is—in noncapital habeas cases only—a claim of ineffective assistance of trial counsel procedurally barred in state court, where the petitioner claims, as cause, the ineffective assistance or absence of counsel in the initial state postconviction habeas action. Under Nevada law, such ineffective assistance or absence of post-conviction counsel cannot function as cause to excuse the procedural bar. Brown v. McDaniel, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014). But in Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court ruled that, in federal court, such ineffective assistance or absence of post-conviction counsel can serve as cause. Under Martinez, to overcome the procedural default, the petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial;  (2) ineffective assistance or absence of post-conviction counsel was the cause of the default; (3) the postconviction proceedings were the initial review proceedings for the ineffective assistance of trial counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial postconviction proceedings. Trevino v. Thaler, 569 U.S. 413, 423 (2013).

### III.    Discussion

#### A.    Grounds IID, IIE, and IIF – Exhaustion and Procedural Default

Grounds IID, IIE and IIF are claims of ineffective assistance of Rivera's trial counsel. In Ground IID, Rivera claims that his trial counsel "failed to investigate and present evidence of the victims' prior arrests for prostitution, which directly undermined the credibility of their accusations." ECF No. 18 at 27–28. In Ground IIE, Rivera claims that his trial counsel "failed to object to speculative and unfairly prejudicial testimony that Rivera intended to rape and/or kill victim [RD]." Id. at 28–29. And in Ground IIF, Rivera claims that his trial counsel "failed to move to dismiss Count One alleging he kidnapped FZ." Id. at 29–30.

Rivera concedes that he has never presented Grounds IID, IIE and IIF in state court. *See* ECF No. 18 at 27–29; ECF No. 37 at 6–8. However, Rivera argues, and the Respondents agree, that state-law procedural rules would now prevent Rivera from properly exhausting those claims in state court, meaning Grounds IID, IIE and IIF are technically exhausted and subject to application of the procedural default doctrine. See ECF No. 37 at 6–8; ECF No. 45 at 2. Rivera goes on to argue that he can overcome the procedural default of Grounds IID, IIE and IIF, under Martinez, on account of ineffective assistance of his state post-conviction counsel. See ECF No. 37 at 8–22.

Rivera's argument that he can overcome the procedural default of Grounds IID, IIE and IIF under Martinez is intertwined with the question of the merits of his claims—that is, the briefing of the two issues will overlap. See ECF No. 37 at 8–22. For this reason, the Court will defer consideration of the question whether Rivera can overcome the procedural defaults until after the parties brief the merits of Rivera's claims. The Court will therefore deny Respondents' motion to dismiss Grounds IID, IIE and IIF on procedural default grounds without prejudice to Respondents asserting the procedural default defense to those claims in their answer.

#### B.    Ground IIA6 – Cognizability of Cumulative Error Claim

Ground IIA6 is a cumulative-error claim. In Ground IIA6, Rivera claims the cumulative effect of his trial counsel's errors in not objecting to prosecutorial misconduct—the errors alleged in Grounds IIA1 through IIA5—warrants relief. ECF No. 18 at 20. Respondents argue that Ground

IIA6 is not cognizable in this federal habeas corpus action. However, as it remains to be seen what, if any, ineffective assistance of trial counsel, as alleged in Grounds IIA1 through IIA5, the Court will find when the merits of Rivera's claims are addressed, it is not now possible to determine the contours of this cumulative error claim. For this reason, the Court will defer the consideration of Respondents' argument regarding this claim. The motion to dismiss Claim IIA6 will be denied without prejudice to Respondents asserting the same argument regarding the viability of that cumulative error claim in their answer.

### C.    Ground IIF – Conclusory Pleading

Again, in Ground F, Rivera claims that he received ineffective assistance of trial counsel because his trial counsel "failed to move to dismiss Count One alleging he kidnapped FZ." ECF No. 18 at 29–30. Rivera explains: "There was insufficient evidence to convict Rivera of both kidnapping and sexual assault because the kidnapping was incidental to the sexual assault under Mendoza v. State, 130 P.3d 176 (Nev. 2006)." Id. at 29. Respondents argue that Ground IIF is not sufficiently pled because it is pled in a conclusory manner. ECF No. 30 at 9. As this issue, too, is related to the merits of the claim, the Court will also defer this issue until after the merits of Rivera's claims are briefed. Respondents' motion to dismiss Ground IIF on this ground will be denied without prejudice to Respondents asserting the same argument in their answer.

### D.    Rivera's Motion for Leave to Conduct Discovery

In conjunction with his opposition to the motion to dismiss, Rivera filed a motion for leave to conduct discovery. ECF No. 41. As the Court denies the motion to dismiss without need for evidentiary development at this time, the Court will deny that motion without prejudice. Under the scheduling order in this case, Rivera may again move for leave to conduct discovery, and/or for an evidentiary hearing, relative to the merits of his claims, when he files a reply to Respondents' answer. ECF No. 14 at 2.

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 30) is **DENIED without prejudice** to Respondents asserting the same arguments in their answer, along with their arguments on the merits of Petitioner's claims.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to conduct discovery (ECF No. 41) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the entry of this order to file an answer. In all other respects, the schedule for further proceedings set forth in the order entered October 25, 2024 (ECF No. 14) remains in effect.

**DATED**: March 4, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

8